UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| MICHAEL MULRYAN, | ) | |
| | ) | Case No.   1:15-cv-01267 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **COMPLAINT** |
| | ) | |
| ONEMAIN FINANCIAL SERVICES, INC., | ) | |
| | ) | **DEMAND FOR JURY TRIAL** |
| Defendant. | ) | |

Now comes the Plaintiff, MICHAEL MULRYAN, by and through his attorneys, and for his Complaint against the Defendant, ONEMAIN FINANCIAL SERVICES, INC., Plaintiff alleges and states as follows:

**PRELIMINARY STATEMENT**

1. This is an action for damages for violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, *et seq*.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1337 and 1367.  This jurisdiction includes supplemental jurisdiction with respect to pendent state law claims.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events and omissions giving rise to this claim occurred in this District.

**PARTIES**

4. Plaintiff is an individual who was at all relevant times residing in Indianapolis, Indiana.

5. Plaintiff is a "person" as defined in 47 U.S.C. § 153(39).

6. Defendants is a "person" as defined in 47 U.S.C. § 153(39).

7. On information and belief, Defendant is a corporation of the State of Maryland, which is licensed to do business in Indiana, and which has its principal place of business in Baltimore, Maryland.

## FACTS COMMON TO ALL COUNTS

8. During or about early August of 2014, Defendant placed an automated telephone call to Plaintiff in an attempt to collect an alleged debt.

9. After Plaintiff's receipt of Defendant's said automated telephone call, Plaintiff called Defendant and spoke with an employee, agent and/or representative of Defendant. During said communication, Plaintiff requested that Defendant cease placing telephone calls to Plaintiff's cellular telephone.

10. Despite having received Plaintiff's request that Defendant cease placing telephone calls to Plaintiff's cellular telephone, Defendant continued to place telephone calls to Plaintiff's cellular telephone beginning on or about July 8, 2015 through July 21, 2015, in an attempt to collect the alleged debt. Plaintiff received telephone calls from Defendant on the following dates:

- July 8, 2015 (2x);
- July 16, 2015 (2x);
- July 17, 2015 (3x);
- July 18, 2015;
- July 20, 2015 (3x); and
- July 21, 2015 (3x).

11. On information and belief, Defendant placed the telephone calls described above to Plaintiff using an "automatic telephone dialing system," as defined in 47 U.S.C. § 227(a)(1), and/or an "artificial or prerecorded voice" message, as described in 47 U.S.C. § 227(b)(1)(A).

12. On information and belief, Defendant routinely uses an automatic telephone dialing systems and/or artificial and/or prerecorded voice messages in the collection of debts in the ordinary course of its business.

13. Plaintiff did not give Defendant his express consent, invitation or permission to contact him using an automatic telephone dialing system and/or an artificial and/or prerecorded voice message. In the alternative, any prior express consent, invitation or permission which Plaintiff may have given Defendant to contact them in this manner was terminated and revoked.

14. Defendant's telephone calls to Plaintiff using an automatic telephone dialing system and/or an artificial and/or prerecorded voice message were not made for emergency purposes.

15. Defendant's telephone calls to Plaintiff utilizing an automatic telephone dialing system and/or an artificial and/or prerecorded voice message, for non-emergency purposes, and in the absence of Plaintiff's express consent, invitation or permission, violated 47 U.S.C. § 227(b)(1).

16. In its attempts to collect the alleged debt as outlined above, Defendant damaged Plaintiff and violated the TCPA.

17. As a result of Defendant's actions as outlined above, Plaintiff has suffered and continues to suffer stress, aggravation, emotional distress and mental anguish.

18. Further, Plaintiff has suffered actual damages. Specifically, client has lost sleep because of the stress and worries about the relentless calls. Plaintiff is also diabetic and tries to keep his stress level under control so his blood sugar levels do not rise.

## COUNT I

19. Plaintiff incorporates all of the allegations and statements made in paragraphs 1 through 18 as if reiterated herein.

20. The foregoing acts and omissions of Defendant constitutes numerous and multiple negligent violations of the TCPA including, but not limited to, each of the above-cited provisions of 47 U.S.C. § 227, *et seq.*

21. As a result of Defendant's negligent violations of the TCPA, 47 U.S.C. § 227, *et seq.*, Plaintiff is entitled to an award of actual monetary loss, plus $500.00 for each and every such violation, pursuant to 47 U.S.C. § 227(b)(3).

WHEREFORE, Plaintiff prays for the following relief:

a. Judgment against Defendant for Plaintiff's actual damages suffered as a direct and proximate result of any negligent violations of the TCPA by Defendant;

b. Judgment against Defendant for statutory damages of $500.00 for each and every negligent violation of the TCPA by Defendant;

c. Judgment against Defendants for Plaintiff's reasonable attorneys' fees, witness fees, court costs and other litigation costs; and

d. Any other relief deemed appropriate by this Honorable Court.

## COUNT II

22. Plaintiff incorporates all of the allegations and statements made in paragraphs 1 through 18 as if reiterated herein.

23. The foregoing acts and omissions of Defendant constitutes numerous and multiple knowing and/or willful violations of the TCPA including, but not limited to, each of the above-cited provisions of 47 U.S.C. § 227, *et seq.*

24. As a result of Defendant's knowing and/or willful violations of the TCPA, 47 U.S.C. § 227, *et seq.*, Plaintiff is entitled to an award of actual monetary loss, plus $1,500.00 for each and every such violation, pursuant to 47 U.S.C. § 227(b)(3).

WHEREFORE, Plaintiff prays for the following relief:

    a. Judgment against Defendant for Plaintiff's actual damages suffered as a direct and proximate result of any knowing and/or willful violations of the TCPA by Defendant;

    b. Judgment against Defendant for treble statutory damages of $1,500.00 for each and every knowing and/or willful violation of the TCPA by Defendant;

    c. Judgment against Defendants for Plaintiff's reasonable attorneys' fees, witness fees, court costs and other litigation costs; and

    d. Any other relief deemed appropriate by this Honorable Court.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues in this action, except for any issues relating to the amount of attorneys' fees and litigation costs to be awarded should Plaintiff prevail on any of his TCPA claims in this action.

*Rest of Page Intentionally Left Blank*

                                            RESPECTFULLY SUBMITTED,

                                            MICHAEL MULRYAN

                                            By: /s/ Matthew W. Conrad

Matthew W. Conrad
Indiana Attorney No. 23534-49
Allen Chern Law LLC
101 W. Ohio St., Ste. 2000
Indianapolis, IN 46204
Phone: (317) 454-8188
Fax: (317) 454-0184
Matt@conradlegalindy.com